UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-20173-CR-MARTINEZ

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

LAY ONG,

    Defendant.
_____/

**OBJECTIONS TO DRAFT PRESENTENCE INVESTIGATION REPORT**

Lay Ong, through undersigned counsel, respectfully files the following objections to the draft presentence investigation report (PSI) (DE 83).

1. **Offense Conduct**

Mr. Ong objects to the "Offense Conduct" section of the draft PSI (paragraphs 5–13) which purport to detail the facts of the instant case. Mr. Ong denies the assertions contained in each of these paragraphs and denies the assertion that he knowingly engaged in sexual contact with another person who had not attained the age of 12 years. Mr. Ong proceeded to trial and preserves these objections for purposes of further review.

2. **Recommended Special Conditions**

Mr. Ong objects to the recommended special conditions set forth in paragraphs 99–101 of the draft PSI, which provide restrictions on data encryption, computer modem, and computer possession. Specifically, paragraph 99 states that Mr. Ong

shall not possess or use any data encryption technique or program; paragraph 100 states that Mr. Ong shall not possess or use a computer that contains an internal, external or wireless modem without the prior approval of the Court; and paragraph 101 states that Mr. Ong shall not possess or use any computer; except that he may, with the prior approval of the Court, use a computer in connection with authorized employment.

Mr. Ong submits that these restrictions are not reasonably related to the conviction in this case under the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), or (a)(2)(D) and overly burden his First Amendment rights. *See* 18 U.S.C. § 3583(d); *see also Packingham v. North Carolina*, 582 U.S. 98, 104 (2017) ("A fundamental principle of the First Amendment is that all persons have access to places where they can speak and listen . . .[w]hile in the past there may have been difficulty in identifying the most important places (in a spatial sense) for the exchange of views, today the answer is clear. It is cyberspace—the 'vast democratic forums of the Internet' in general[.]"). A special condition restricting Mr. Ong's ability to use or possess a computer with internet access is unreasonable and overbroad. There is no evidence that Mr. Ong utilized any computer, internet, or modem for unlawful activity—neither in this case nor in any other instance.  There is no evidence or allegation of any unlawful activity being undertaken or enabled with the use of the internet or a computer. Restrictions on data encryption, computer modem and computer possession are not reasonably related to the conviction in this case or the factors set forth in 18 U.S.C. § 3553(a) and involve a "greater deprivation of liberty

than is reasonably necessary." *See* U.S.S.G. 5D1.3. Accordingly, Mr. Ong objects to the recommended special conditions on data encryption, computer modem and computer possession as set forth in paragraphs 99–101 of the draft PSI.

                    Respectfully submitted,

                    HECTOR A. DOPICO
                    FEDERAL PUBLIC DEFENDER

By: */s/ Sogol Ghomeshi*
     Sogol Ghomeshi
     Assistant Federal Public Defender
     Florida Bar No.: 1002979
     150 W. Flagler Street, Suite 1700
     Miami, Florida 33130-1556
     Tel: (305) 530-7000
     E-mail: sogol_ghomeshi@fd.org

**CERTIFICATE OF SERVICE**

    I HEREBY certify that on **December 29, 2025**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                               */s/Sogol Ghomeshi*
                                               Sogol Ghomeshi